Saul S. Streit, J.
Petitioners, five medical groups under contract with respondent, move for the appointment of a third arbitrator. Respondent, the Health Insurance Plan of Greater New York, opposes the application on the ground that the issues sought to be arbitrated are moot.
On August 1, 1960, respondent entered into a separate'letter agreement, identical in language, with each of the five petitioners. Each agreement provided that “ in the event no agreement on the criteria and standards for the payment of Supplemental capitation is reached by January 1, 1961, by the parties hereto, the unresolved issues are to go to arbitration for determination in accordance with the provisions for arbitration contained in Paragraph ‘ Twenty-sixth ’ of the Medical Group agreement executed simultaneously herewith.” Concededly no agreement as to the criteria and standards for the payment of supplemental capitation was reached by January 1, 1961, with any of the five petitioner groups, or with any of the remaining 26 Medical Groups with which respondent had executed agreements identical with the letter agreement and the “ Medical Group Agreement ” which were entered into with each of the five petitioners.
Each of the 31 “ Medical Group Agreements ” provides that “ any formula or criteria for the payment of supplemental capitation shall be applicable to all Medical Groups and any Medical Group shall be eligible to participate in the distribution of supplemental capitation if it meets the criteria. ’ ’ Respondent states that the intention of the parties to the 31 letter agreements was that agreements arrived at by it with a majority of the 31 groups as to the criteria and standards for the payment of supplemental capitation were to be applicable to the remaining Medical Groups. As the result of an arbitration proceeding between respondent and 19 of the groups, an agreement was reached between them as to the criteria and standards for payment of supplemental capitation. Respondent urges that there is, therefore, no need for the present arbitration. It also emphasizes the fact that the Medical Group Agreements all provide that the formula for payment of supplemental capitation shall apply to every one of the Medical Groups without discrimination. The letter agreements do provide for a “ study ’ ’ to be undertaken by respondent and each of the Medical Groups, which “ study ” is to be completed when “ HIP and a majority of the Medical Groups agree to the criteria and standards, but not later than January 1,1961 ”. They do not, however, expressly provide that any agreement reached with a majority of the groups shall bind all the groups. Instead, each letter agreement provides that if no agreement is reached by January 1, 1961, “ ly *905 the parties hereto ” the matter shall he submitted to arbitration. If the letter agreements are interpreted literally, each group signing such an agreement is entitled, if no agreement on standards and criteria is reached with it, to arbitrate the standards and criteria.
Another difficulty with respondent’s contentions is that it permitted an association of seven other Medical Groups to arbitrate the standards and criteria for supplemental capitation payments, although the standards and criteria had already been agreed upon as the result of the arbitration instituted by 19 of the groups, who composed a majority of the 31 groups.
It is unnecessary, however, for this court to determine whether or not the issues to be arbitrated are moot and therefore, not arbitrable, for Paragraph Twenty-sixth of each Medical Group Agreement, pursuant to which each letter agreement states that arbitration is to be had, expressly provides that “ in the event that a dispute shall arise as to whether or not the matter is arbitrable under this Agreement, then such question shall be arbitrated in accordance with this paragraph.” It seems clear that the intention of the parties to the letter agreements was to vest the arbitrators, rather than the court, with the jurisdiction to determine the arbitrability of any dispute arising thereunder. The motion is accordingly granted.